[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
All-Star Storage-Derby, LLC instituted this proceeding against the defendant, Michael James Contracting, Inc., for breach of contract regarding the construction of a self-storage facility located in Derby, Connecticut. The defendant has counterclaimed for punitive damages under CUTPA, together with a claim for reasonable attorney's fees, against which the plaintiff has filed a motion to strike the defendant's claim for relief. CT Page 7032
The claim for relief set forth in the counterclaim is legally insufficient. It is absolutely barren of any allegations to invoke that cause of action. The defendant has not alleged or alluded to any sort of factual or legal allegations under CUTPA and therefore has not alleged a legally sufficient claim under the act. See Nolfi v. Melson, Superior Court judicial district of Fairfield at Bridgeport, Docket No. 360876 (June 12, 2000, Moran, J.); Pebco Buildings v. Lawrence Brunoli, Inc., Superior Court, judicial district of Litchfield, Docket No. 068483 (September 6, 1995, Pickett, J.). In addition, the claim for punitive damages is flawed. Breach of contract founded on tortious conduct may allow the award of punitive damages, however, such tortious conduct must be set forth in terms of wanton and malicious injury, evil motive, and violence to prevail. The requisite conduct must be outrageous. The acts must be accomplished with a bad motive or with a reckless indifference to the interests of others. L.F. Pace Sons, Inc. v. Travelers IndemnityCo., 9 Conn. App. 30, 48 (1986). The counterclaim does not allege such conduct or malicious injury. It merely recited a breach of contract.
The demand for reasonable attorney's fees also must fall because the defendant has not alleged any statutory or contractual provision that allows for such fees. "The general rule of law known as the `American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." (Citations omitted.) Marsh, Day Calhoun v.Solomon, 204 Conn. 639, 652 (1987).
The plaintiff's motion to strike the defendant's claims for relief set forth in its counterclaim for punitive damages and attorney's fees is, accordingly, granted.
Moraghan, J.T.R.